JOHN H. MEEKER, JR., assignee,

*v.*

WILLIAM FELTS et al.

An assignment under the statute, by a debtor, of all his property, real and personal, for the benefit of his creditors, will carry his vested interest as a residuary legatee of an estate, though such interest was not included in the inventory, and it was not his intention to assign it.

On bill, answers and proofs.

*Mr. John H. Meeker,* for the complainant.

*Mr. John O. H. Pitney,* for the defendant Felts.

*Mr. Joseph Tuttle,* for the defendant George F. Tuttle, executor.

GREEN, V. C.

The complainant sues as the assignee of one William Felts, of the city of Newark, in this state.

William Felts, on the 1st day of February, 1886, made an assignment to the complainant for the purpose of securing to his creditors an equal distribution of his estate, conveying all his

Meeker *v.* Felts.

real estate, and also his goods and chattels, bonds, notes, books of account, contracts, rights and credits, whatsoever and wheresoever. The deed of assignment is in the usual form, and is declared to be upon trust pursuant to the statute in such case made and provided. It had annexed to it an inventory of his property and a list of his creditors, verified by his affidavit, that it was a true inventory of his estate (there being no real estate), and also a true list of his creditors.

On its being delivered the assignee accepted the appointment and qualified, as required by law. He thereupon entered upon his duties and took possession of such property of Mr. Felts as he could find, converted the same into cash, collected what he could on book accounts, paid and discharged a mortgage and other liens on the property, which consisted of machinery and chattels belonging to the business Felts carried on prior to the assignment, and, after paying the expenses, paid the preferred creditors who had presented their claims in full, and to the general creditors who had presented their claims a dividend of ten per cent., leaving in his hands the sum of $235.72.

The claims presented to the assignee, other than the preferred claims, amounted to $4,969.20, so that there are unpaid claims amounting to over $4,500 which have been presented to the assignee for payment, for the discharge of which there is but the sum of $235.72 in the hands of the assignee:

He, therefore, in this suit, seeks to reach the interest of William Felts as residuary legatee under the will of William Miles, deceased, late of the city of Newark.

William Miles, by his will, which was proved in the Essex county surrogate's court March 12th, 1872, among other provisions made the following disposition of his estate:

"*Fifth.* I order and direct my said executors and the survivor of them to safely invest and keep invested during the lifetime of my said wife the sum of thirty thousand dollars, and to pay to my said wife the net interest and income thereof in half-yearly payments during her natural life, hereby giving to my said executors full power to change said investment and to reinvest the same from time to time as they shall deem best, and at her decease said sum to form part of the residue of my estate hereinafter disposed of."

"*Seventh.* All the rest and residue of my estate of every kind, both real and personal, wheresoever and whatsoever the same may be, I give, devise and bequeath to William Felts and my nephew and partner, William James, in equal shares to them, their heirs and assigns forever."

The executors, April, 1883, filed their account, showing a balance of $43,897.89 in hand, of which $30,000 was set off in trust for the widow and invested. But it appears by the answer of George F. Tuttle, who is the surviving executor and one of the defendants, that this balance included personal property which one of the residuary legatees was willing to take as so much of the residue of the estate, giving to the executors a bond and mortgage on real estate for $15,000, with the understanding that it was to stand only as security for the interest during the life of the widow. Mrs. Miles died November 13th, 1890, and they claim that the balance of said fund coming to the residuary legatees is only $14,957.96, less certain expenses chargeable thereto, only one-half of which they claim would belong to the share bequeathed to William Felts.

Prior to his assignment to the complainant, Felts had assigned his interest in the estate to a Mrs. James to secure the payment of a note of $1,000. This note, it was stated on the argument, has been paid, and Mrs. James's claim satisfied.

By the will of Mr. Miles a fund of $30,000 was created, the interest of which was to be paid to his widow during her life, and the fund after her death to go to William James and William Felts in equal shares.

There can be no question about the interest of Felts; it was a vested remainder, subject to the life estate of the widow in the interest. *Beatty's Admr.* v. *Montgomery's Exr.*, *6 C. E. Gr. 324.*

As such it was subject to disposal by will, transfer or assignment. *Wintermute* v. *Snyder*, *2 Gr. Ch. 489; Tappan's Exr.* v. *Ricamio*, *1 C. E. Gr. 89; Luse's Exr.* v. *Parke*, *2 C. E. Gr. 415; Bonnell's Exrs.* v. *Bonnell*, *2 Dick. Ch. Rep. 540.*

The assignment of his interest to Mrs. James being merely as collateral security for the payment of the note, on its payment such interest as he had is relieved of any claim under that assignment; and the question which is now presented is, did Felts's

·interest in the estate pass under the assignment made by him, for ·the benefit of creditors, to the complainant?

This was not an instrument by which Felts sought to appropriate certain portions of his property to the payment of certain ·of his debts.

It is expressly and explicitly an assignment under the statute, ·one under which he could avail himself of the benefits provided ·by the statute for debtors who assigned their property under its provisions for distribution among their creditors.

It is urged by the counsel for the defendant Felts, that his ·interest in the estate of William Miles did not pass under the ·assignment, because it was not the intention of the parties that the assignment should transfer such interest, and that it does not ·use apt terms by which such an interest could be transferred.

I think it may be assumed as true, that William Felts did not ·intend, at the time he made his deed of assignment to the complainant, that it should transfer his interest in the estate of William Miles, but his deed is in the usual form and contains the ·necessary words of conveyance and transfer when read in connection with the statute.

The words of the deed of assignment are—

·"doth grant, bargain, sell, convey and assign all and singular the land, tenements, hereditaments and real estate whereof the said William Felts is now seized and possessed or in any way entitled to, wheresoever the same may be ·situated, together with the appurtenances, and also all and singular his goods and chattels, bonds, notes, books of account, contracts, rights and credits whatsoever and wheresoever."

The inventory annexed to the assignment does not refer to his interest as a residuary legatee of the estate of William Miles.

The second section of the Assignment act (*Rev. p. 37*) says— .

·"but that such inventory shall in no wise be conclusive as to the *quantum* of ·the debtor's estate, real and personal, but the assignee or assignees shall be entitled to any other property which may belong to the debtor or debtors at the time of making the assignment and comprehended within the general ·terms of the same."

The "general terms" of the deed applicable to this kind of property are, "bargain, sell and assign," while the specifications

"rights," "whatsoever and wheresoever," would seem to be·comprehensive enough to embrace this class of property, and not to be subject to the limitation sought to be placed upon it by counsel, as being only moneys due him from customers for work. done, goods manufactured or sold and delivered on credit and. for which payment had not yet been made.

So that the only question is, whether this property is relieved! from the operation of the assignment because the assignor did! not intend to include it?

It seems to me that this cannot be considered as an open question in the State of New Jersey. The court of appeals, in the case of *Pillsbury* v. *Kingon, 6 Stew. Eq. 287*, held that an assignee, under an assignment for the benefit of creditors, could maintain an action to set aside a fraudulent conveyance made by the assignor prior to the assignment. Such suit could only be maintained on the ground that such property passed by the deed of assignment, and, of course, it was property not intended! by the assignor to be included therein.

Mr. Justice Depue, in an exhaustive opinion, considers the whole question, reviewing the authorities, and holds that the action can be maintained. He refers to the twenty-first section, which counsel in this case urged strongly in support of his view, and says (*p. 302*): "The paragraph in this section which saves. the right of creditors who do not choose to exhibit their claims. as to the property, real or personal, not assigned, carries with it. an implication that there might be property which would not pass under the assignment. But I do not think that this expression should be allowed to overcome the unmistakable evidence on the face of the statute, that the assignment should embrace all the property of the debtor, and that creditors should be placed! on a footing of perfect equality in the division of the debtor's. property, or that it was intended to give creditors who stayed out an advantage over those who came in under the assignment."

In *Garretson* v. *Brown, 2 Dutch. 425* (at *p. 438*), Mr. Justice Potts says: "It may be remarked in this connection that when. an assignment is once made it operates to convey all the assignor's property, real and personal, whether embraced in the inven-

tory attached to the deed or not." *Page 441:* "The deed vests all the debtor's estate in the assignee."

In *Hays* v. *Doane, 3 Stock. 84,* Chancellor Williamson (at *p. 91*) says: "This assignment passed, by virtue of the statute, all the debtor's estate, both legal and equitable, whether specified in the inventory annexed to the assignment or not." *Page 92:* "The interest which the debtor had in the property was not put in the inventory, but was in express terms excluded from it. This shows the intention and determination of the debtor that his creditors should not have this property if he could help it."

But the chancellor held that the property passed under the assignment. See, also, *Moore* v. *Williamson, 17 Stew. Eq. 496.*

In my opinion, the interest of Felts, in the estate of Miles, passed under the assignment to the complainant as his assignee, for the benefit of his creditors.